IN THE COURT OF COMMON PLEAS OF HAMILTON COUNTY, OHIO

| | |
|---|---|
| SEAN FLYNN<br>230 Deershadow Road<br>Maineville, Ohio 45039<br><br>and<br><br>JENNIFER FLYNN<br>230 Deershadow Road<br>Maineville, Ohio 45039<br><br>Plaintiffs,<br><br>vs.<br><br>GENESIS TECHNOLOGY PARTNERS<br>210 West Arrow Highway<br>Suite A<br>San Dimas, California, 91773<br><br>and<br><br>SMITH AND NEPHEW, INC.<br>c/o Ct Corporation System, Statutory Agent<br>1300 East 9th Street<br>Cleveland, Ohio 44114<br><br>and<br><br>JOHN AND JANE DOES<br>MANUFACTURERES    1-5<br>(Names and Addresses Unknown)<br><br>and<br><br>JOHN AND JANE DOES<br>SUPPLIERS    1-5<br>(Names and Addresses Unknown)<br><br>Defendants. | COPY FILED<br>CLERK OF COURTS<br>HAMILTON COUNTY<br>MAY 2 5 2006<br>GREGORY HARTMANN<br>COMMON PLEAS COURTS<br><br>Case No. A0604703<br><br>JUDGE<br><br>JURY DEMAND ENDORSED HEREON |



## COMPLAINT

Now come the Plaintiffs, Sean and Jennifer Flynn, by and through their undersigned counsel, and for their cause of action state the following:

1.  At all times relevant hereto, Defendants, John/Jane Does Manufacturers 1-5 and John/Jane Does Suppliers 1-5, are persons whose names the Plaintiffs do not know and have been unable to presently ascertain, but are people and/or entities involved in this action, as possible manufacturers and/or suppliers of the defective electrocautery unit and/or device and/or bovie pad. Defendants, John/Jane Does Manufacturers 1-5 and John/Jane Does Suppliers 1-5, presently unidentified, will in no way be prejudiced in the maintenance of their defense on the merits within the meaning of Rule 15(D) of the Ohio Rules of Civil Procedure because of their constructive or actual notice of the institution of this case. Except for the inability of the Plaintiffs to discover the names of Defendants, John/Jane Does Manufacturers 1-5 and John/Jane Does Suppliers 1-5, this action would be brought against them in their proper, true, and exact names and capacities, and said information will be provided by the Plaintiffs when such information becomes fully known to them.

2.  At all times relevant herein, Plaintiffs, Sean and Jennifer Flynn, were residents of Maineville, Warren County, Ohio.

3.  At all times relevant herein, Defendant, Smith and Nephew, Inc., was a manufacturer of medical devices, and registered with the Secretary of State of Ohio.

4.  At all times relevant herein, Defendant, Genesis Technology Partners, provided maintenance for medical devices in Hamilton County, Ohio.

2

## FIRST CAUSE OF ACTION – O. R. C. §2307.74, Defective Manufacture

5. Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1-4, as if fully rewritten herein.

6. On or about August 23, 2004, Plaintiff, Sean Flynn, was admitted to University Hospital, Inc., to undergo a right shoulder arthroscopic surgery.

7. On or about August 23, 2004, Angelo J. Colosimo, M.D. and Michael A. Wind, Jr., M.D., performed the right shoulder arthroscopic surgery on Plaintiff Sean Flynn.

8. On or about August 23, 2004, while a patient at University Hospital, Inc.'s facility, Angelo J. Colosimo, M.D. and/or Michael A. Wind, Jr., M.D., used an electrocautery unit and/or device during the arthroscopic surgery which caused a third degree burn to Plaintiff Sean Flynn's left lateral iliac crest region. Said unit and/or device was utilized by Angelo J. Colosimo, M.D., and/or Michael A. Wind, Jr., M.D., and/or other medical staff, at the direction of Angelo J. Colosimo, M.D. and/or Michael A. Wind, Jr., M.D., and/or other medical staff.

9. At all times pertinent to this Complaint, Defendants, Genesis Technology Partners, and/or Smith and Nephew, Inc., and/or John and Jane Does Manufacturers 1-5 and/or John and Jane Does Suppliers 1-5, were the manufacturer, and/or supplier, and/or maintenance supplier of the electrocautery unit and/or device used by Angelo J. Colosimo, M.D., and/or Defendant, Michael A. Wind, Jr., M.D., and/or other medical staff, during Plaintiff, Sean Flynn's surgery.

10. At all times pertinent to this Complaint, Defendants, Genesis Technology Partners, and/or Smith and Nephew, Inc., and/or John and Jane Does Manufacturers 1-5, and/or John and Jane Does Suppliers 1-5, were engaged in the design, formulation, production, creation, making, construction, assembly, rebuilding, sale, distribution, leasing, preparation, labeling, installation,

3

repair, and/or maintenance of the electrocautery unit and/or device.

11. At all times pertinent to this Complaint, Defendants, Genesis Technology Partners, and/or Smith and Nephew, Inc., and/or John and Jane Does Manufacturers 1-5, and/or John and Jane Does Suppliers 1-5, participated in placing the electrocautery unit and/or device into the American stream of commerce.

12. At all times pertinent to this Complaint, contrary to O.R.C. §2307.74, the electrocautery unit and/or device was placed in the American stream of commerce by Defendants, Genesis Technology Partners, and/or Smith and Nephew, Inc., and/or John and Jane Does Manufacturers 1-5, and/or John and Jane Does Suppliers 1-5, with defect in manufacture or construction because the electrocautery unit and/or device deviated in a material way from the design specifications, formula, or performance standards of the manufacturer, or deviated from otherwise identical unit and/or devices manufactured to the same design specifications, formula, or performance standards.

13. As a direct and proximate result of Defendants, Genesis Technology Partners, and/or Smith and Nephew, Inc., and/or John and Jane Does Manufacturers 1-5, and/or John and Jane Does Suppliers' 1-5, defective manufacture of the electrocautery unit and/or device, on or about August 23, 2004, Plaintiff Sean Flynn suffered permanent injuries to his left lateral iliac crest region causing physical pain, mental distress, anxiety, physical impairment, loss of enjoyment of life, and inability to perform ordinary activities.

14. As a direct and proximate result of his injuries, Plaintiff Sean Flynn has incurred reasonable medical expenses for necessary services and will incur further such expenses into the indefinite future.

4

15. As a direct and proximate result of his disabling injuries, Plaintiff Sean Flynn has lost income and will continue to lose income into the indefinite future.

### SECOND CAUSE OF ACTION – O.R.C. §2307.75 – Defective Design

16. Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1-17, as if fully rewritten herein.

17. At all times pertinent to this Complaint, contrary to O.R.C. §2307.75, the electrocautery unit and/or device was placed in the American stream of commerce by Defendants, Genesis Technology Partners, and/or Smith and Nephew, Inc., and/or John and Jane Does Manufacturers 1-5, and/or John and Jane Does Suppliers 1-5, with defective design because foreseeable risks associated with its design exceeded the benefits of that design or because that design is more dangerous than an ordinary consumer would expect when used in an intended or reasonably foreseeable manner.

18. As a direct and proximate result of Defendants, Genesis Technology Partners, and/or Smith and Nephew, Inc., and/or John and Jane Does Manufacturers 1-5, and/or John and Jane Does Suppliers' 1-5, defective design of the electrocautery unit and/or device, on or about August 23, 2004, Plaintiff Sean Flynn suffered permanent injuries to his left lateral iliac crest region causing physical pain, mental distress, anxiety, physical impairment, loss of enjoyment of life, and inability to perform ordinary activities.

19. As a direct and proximate result of his injuries, Plaintiff Sean Flynn has incurred reasonable medical expenses for necessary services and will incur further such expenses into the indefinite future.

20. As a direct and proximate result of his disabling injuries, Plaintiff Sean Flynn has lost income and will continue to lose income into the indefinite future.

## THIRD CAUSE OF ACTION – O.R.C. §2307.76 – Failure to Warn

21. Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1-20, as if fully rewritten herein.

22. At all times pertinent to this Complaint, contrary to O.R.C. §2307.76, the electrocautery unit and/or device was placed into the American stream of commerce by Defendants, Genesis Technology Partners, and/or Smith and Nephew, Inc., and/or John and Jane Does Manufacturers 1-5, and/or John and Jane Does Suppliers 1-5, with inadequate warnings and/or instructions before and/or after the initial sale of the electrocautery unit and/or device because Defendants, Genesis Technology Partners, and/or Smith and Nephew, Inc., and/or John and Jane Does Manufacturers 1-5, and/or John and Jane Does Suppliers 1-5, failed to perform reasonably by not recognizing the risks associated with the electrocautery unit and/or device and/or its component parts and thereupon failed to issue the type of warning or instructions which should reasonably have been provided for the electrocautery unit and/or device and/or its pertinent component parts.

23. As a direct and proximate result of Defendants, Genesis Technology Partners, and/or Smith and Nephew, Inc., and/or John and Jane Does Manufacturers 1-5, and/or John and Jane Does Suppliers' 1-5, inadequate warnings and/or instructions for the electrocautery unit and/or device, on or about August 23, 2004, Plaintiff Sean Flynn suffered permanent injuries to his left lateral iliac crest region causing physical pain, mental distress, anxiety, physical impairment, loss of enjoyment of life, and inability to perform ordinary activities.

6

24. As a direct and proximate result of his injuries, Plaintiff Sean Flynn has incurred reasonable medical expenses for necessary services and will incur further such expenses into the indefinite future.

25. As a direct and proximate result of his disabling injuries, Plaintiff Sean Flynn has lost income and will continue to lose income into the indefinite future.

## FOURTH CAUSE OF ACTION – O.R.C. §2307.77 – Failure to Conform to Manufacturer's Representations

26. Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1-25, as if fully rewritten herein.

27. At all times pertinent to this Complaint, contrary to O.R.C. §2307.77, the electrocautery unit and/or device as manufactured by Defendants, Genesis Technology Partners, and/or Smith and Nephew, Inc., and/or John and Jane Does Manufacturers 1-5, and/or John and Jane Does Suppliers 1-5, did not conform, when it left the control of the manufacturer, to representations made by the manufacturer.

28. As a direct and proximate result of Defendants, Genesis Technology Partners, and/or Smith and Nephew, Inc., and/or John and Jane Does Manufacturers 1-5, and/or John and Jane Does Suppliers 1-5, failure to have the electrocautery unit and/or device and/or its pertinent component parts conform to representations made by each manufacturer, on or about August 23, 2004, Plaintiff Sean Flynn suffered permanent injuries to his left lateral iliac crest region causing physical pain, mental distress, anxiety, physical impairment, loss of enjoyment of life, and inability to perform ordinary activities.

7

29. As a direct and proximate result of his injuries, Plaintiff Sean Flynn has incurred reasonable medical expenses for necessary services and will incur further such expenses into the indefinite future.

30. As a direct and proximate result of his disabling injuries, Plaintiff Sean Flynn has lost income and will continue to lose income into the indefinite future.

### FIFTH CAUSE OF ACTION – O.R.C. §2307.78 – Supplier Liability

31. Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1-30, as if fully rewritten herein.

32. At all times pertinent to this Complaint, as supplier of the electrocautery unit and/or device, Defendants, Genesis Technology Partners, and/or Smith and Nephew, Inc., and/or John and Jane Does Manufacturers 1-5, and/or John and Jane Does Suppliers 1-5, are liable to Plaintiff Sean Flynn under the provisions of O.R.C. §2307.78, which is incorporated herein by reference.

33. As a direct and proximate result of Defendants, Genesis Technology Partners, and/or Smith and Nephew, Inc., and/or John and Jane Does Manufacturers 1-5, and/or John and Jane Does Suppliers' 1-5, statutory negligence and/or imputed liability, on or about August 23, 2004, Plaintiff Sean Flynn suffered permanent injuries to his left lateral iliac crest region causing physical pain, mental distress, anxiety, physical impairment, loss of enjoyment of life, and inability to perform ordinary activities.

34. As a direct and proximate result of his injuries, Plaintiff Sean Flynn has incurred reasonable medical expenses for necessary services and will incur further such expenses into the indefinite future.

8

35. As a direct and proximate result of his disabling injuries, Plaintiff Sean Flynn has lost income and will continue to lose income into the indefinite future.

## SIXTH CAUSE OF ACTION – Common Law Negligence

36. Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1-35, as if fully rewritten herein.

37. At all times pertinent to this Complaint, Defendants, Genesis Technology Partners, and/or Smith and Nephew, Inc., and/or John and Jane Does Manufacturers 1-5, and/or John and Jane Does Suppliers 1-5, negligently designed, manufactured, maintained, and/or failed to warn with regard to the electrocautery unit and/or device.

38. As a direct and proximate result of Defendants, Genesis Technology Partners, and/or Smith and Nephew, Inc., and/or John and Jane Does Manufacturers 1-5, and/or John and Jane Does Suppliers' 1-5, negligent conduct, on or about August 23, 2004, Plaintiff Sean Flynn suffered permanent injuries to his left lateral iliac crest region causing physical pain, mental distress, anxiety, physical impairment, loss of enjoyment of life, and inability to perform ordinary activities.

39. As a direct and proximate result of his injuries, Plaintiff Sean Flynn has incurred reasonable medical expenses for necessary services and will incur further such expenses into the indefinite future.

40. As a direct and proximate result of his disabling injuries, Plaintiff Sean Flynn has lost income and will continue to lose income into the indefinite future.

## EIGHTH CAUSE OF ACTION – Common Law Breach of Implied Warranty

41. Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1-41, as if fully rewritten herein.

9

42. As the manufacturer, seller, and maintenance supplier of the electrocautery unit and/or device, Defendants, Genesis Technology Partners, and/or Smith and Nephew, Inc., and/or John and Jane Does Manufacturers 1-5, and/or John and Jane Does Suppliers 1-5, breached an implied warranty to Plaintiff Sean Flynn to provide a product of good and merchantable quality and fitness for its intended use.

43. As a direct and proximate result of Defendants, Genesis Technology Partners, and/or Smith and Nephew, Inc., and/or John and Jane Does Manufacturers 1-5, and/or John and Jane Does Suppliers' 1-5, breach of its implied warranty with regard to the electrocautery unit and/or device, on or about August 23, 2004, Plaintiff Sean Flynn suffered permanent injuries to his left lateral iliac crest region causing physical pain, mental distress, anxiety, physical impairment, loss of enjoyment of life, and inability to perform ordinary activities.

44. As a direct and proximate result of his injuries, Plaintiff Sean Flynn has incurred reasonable medical expenses for necessary services and will incur further such expenses into the indefinite future.

45. As a direct and proximate result of his disabling injuries, Plaintiff Sean Flynn has lost income and will continue to lose income into the indefinite future.

## EIGHTH CAUSE OF ACTION – Plaintiff Jennifer Flynn's Derivative Claim for Loss of Spousal Consortium

46. Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1-45, as if fully rewritten herein.

47. At all times pertinent to this Complaint, Plaintiff Jennifer Flynn has been and will be the spouse of Plaintiff Sean Flynn.

10

48. As a direct and proximate result of Defendants, Genesis Technology Partners, and/or Smith and Nephew, Inc., and/or John and Jane Does Manufacturers 1-5, and/or John and Jane Does Suppliers' 1-5, statutory and/or common law liability for Plaintiff Sean Flynn's injuries, Plaintiff Jennifer Flynn lost the services, companionship, and consortium of Plaintiff Sean Flynn and will continue to suffer such loss into the indefinite future.

### NINTH CAUSE OF ACTION – Common Law Spoliation of Evidence

49. Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1-48, as if fully rewritten herein.

50. After the surgery, the unit/device and bovie pad was removed by employees of University Hospital.

51. Upon information and belief, the unit/device was secured for inspection.

52. Upon representation of University Hospital, the unit/device was returned to Defendants.

53. As the manufacturer, seller, and maintenance supplier of the electrocautery unit and/or device, Defendants, Genesis Technology Partners, and/or Smith and Nephew, Inc., and/or John and Jane Does Manufacturers 1-5, and/or John and Jane Does Suppliers 1-5, with knowledge of the probability of the case at bar being commenced, willfully destroyed evidence to disrupt Plaintiffs' case.

54. As a direct and proximate result of Defendants, Genesis Technology Partners, and/or Smith and Nephew, Inc., and/or John and Jane Does Manufacturers 1-5, and/or John and Jane Does Suppliers' 1-5, spoliation of evidence, Plaintiffs case has detrimentally and permanently been compromised.

11

55. As a direct and proximate result of Defendants, Genesis Technology Partners, and/or Smith and Nephew, Inc., and/or John and Jane Does Manufacturers 1-5, and/or John and Jane Does Suppliers' 1-5, spoliation of evidence, Plaintiffs have been damaged.

WHEREFORE, under the First through Ninth Causes of Action, Plaintiffs demand judgment against Defendants, jointly and severally in an amount greater than Twenty-Five Thousand Dollars ($25,000.00), plus interest, attorney fees, and costs.

Respectfully submitted,

**DAVID A. GOLDSTEIN (0064461)**
DAVID A. GOLDSTEIN CO., LPA
326 South High Street
Suite 500
Columbus, Ohio 43215
614-222-1889
614-222-1899 (Fax)
E-mail: dgoldstein@dgoldsteinlaw.com

Attorney for Plaintiff
Sean and Jennifer Flynn

## JURY DEMAND

Plaintiffs demand a jury of at least eight (8) persons to hear their within causes of action.

David A. Goldstein (0064461)
Attorney for Plaintiffs

12